**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

Attorneys for Plaintiff, MATTHEW GUNDERSON

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

MATTHEW GUNDERSON, an individual, on his own behalf and on behalf of all others similarly situated,

        Plaintiff,

v.

CARLSON WAGONLIT TRAVEL, INC., a Delaware corporation; FACEBOOK, INC., a Delaware corporation,

        Defendants.

**CASE NO. 3:18-cv-05803-YGR**

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT FOR:**

1. **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**
2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);**
3. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));**
4. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**
5. **Unfair Business Practices (*Business and Professions Code* § 17200);**
6. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA"); and,**
7. **Violation of California *Labor Code* §§ 2698, et seq. ("PAGA")**

**DEMAND FOR JURY TRIAL**

-1-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

Plaintiff MATTHEW GUNDERSON (hereinafter referred to as "Plaintiff"), hereby submits his Class and Collective Action First Amended Complaint ("Complaint") against Defendant CARLSON WAGONLIT TRAVEL, INC., a Delaware corporation (hereinafter "Defendant" or "CWT") on behalf of themselves and the class of all other similarly situated current and former employees and common law employees of Defendant as follows:

## INTRODUCTION

1.   This class action is within the Court's jurisdiction under California *Labor Code* §§ 200, 201-203, 226, 226(a), 226.7, 510, 512, 1194, 12 California Code of Regulations § 11040, California *Business and Professions Code* § 17200, et seq., (Unfair Practices Act), and Fair Labor Standards Act.

2.   This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code* and California *Business and Professions Code* against employees of Defendant.

3.   Plaintiff alleges that Defendant misclassified their employees as "independent contractors" when the true classification should have been that of "employee."  Plaintiff seeks relief on behalf of himself and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and members of the plaintiff class all wages due to them.

4.   Plaintiff is informed and believes and based thereon alleges Defendant has engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code,* and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.   The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

1  routinely adhere to the structures of the California *Labor Code*, California *Business and*
2  *Professions Code*, and Fair Labor Standards Act.

3  <center>**JURISDICTION AND VENUE**</center>

4        6.    This Court has original jurisdiction over the claims asserted herein individually
5  and on behalf of the class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the Class
6  Action Fairness Act.  Subject matter jurisdiction is proper because: (1) the amount in controversy
7  in this class action exceeds seventy-five thousand dollars, exclusive of interest and costs; and (2)
8  a substantial number of the members of the proposed classes are citizens of a state different from
9  that of Defendant.

10       7.    Defendant has operated its business and committed violations of the California
11 *Labor Code*, which are the subject of the present complaint, in this District. As such, venue is
12 proper in this judicial district under 28 U.S.C. §1391(b)(2), because Defendant conducts business
13 in this District and a substantial part of the acts or omissions giving rise to the claims set forth
14 herein occurred in this District.

15       8.    Venue is proper because Defendant does business in San Mateo County, which is
16 part of the Northern District of California.  In addition, Plaintiff worked at Facebook, Inc.'s
17 location at 1 Hacker Way in Menlo Park, California 94025 in San Mateo County and the wages
18 earned by Plaintiff from Defendant were earned in San Mateo County.

19 <center>**PARTIES**</center>

20       9.    Plaintiff MATTHEW GUNDERSON ("Plaintiff") was misclassified by Defendant
21 as an Independent Contractor from approximately August 2015 through December 2017.  He was
22 hired by Defendant to work at Facebook as the "Project Lead" as it pertained to the meeting and
23 event activities.  Plaintiff was involved in business development on behalf of CWT, contracting,
24 project management and overseeing planning for contracted events and meetings for Facebook.

25       10.    Plaintiff was a victim of the policies, practices and customs of Defendant
26 complained of in this action in ways that have deprived him of the rights guaranteed to him by
27 California *Labor Code* §§ 200, 201-203, 226, 226(a), 226.7, 510, 512, 1194, 12 California Code
28 of Regulations § 11040, and California *Business and Professions Code* §17200, et seq., (Unfair

<center>-3-</center>
<center>**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**</center>

Practices Act).

11. Plaintiff is informed and believes and based thereon alleges Defendant was and still is a Delaware corporation doing business in the State of California and was engaged in managing business travel, meetings and events for global organizations such as Facebook.

12. According to https://www.forlocations.com/carlsonwagonlittravel?page=9 (Searched on September 19, 2018), CWT has locations throughout the United States and does business in the states identified on their website.

13. As such and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to California *Labor Code* §§ 200, 201-203, 226, 226(a), 226.7, 510, 512, 1194, 12 California Code of Regulations § 11040, and California *Business and Professions Code* §17200, et seq., (Unfair Practices Act).

14. At all times herein mentioned, each of said Defendant participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the

-4-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

18.     The members of the plaintiff class, including the representative Plaintiff named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## FACTUAL ALLEGATIONS

19.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20.     This class action is brought on behalf of all California based "Independent Contractors" who were improperly classified and not paid overtime nor provided proper meal and rest breaks as required by the California *Labor Code*.

21.     In California, there is a presumption, as set forth in California *Labor Code* § 3357, that workers are employees.

22.     At times relevant, Defendant represented to Plaintiff, and other Project Leads and similar job titles, that they are independent contractors not employees, such representation was included in a Contractor Agreement that CWT presents to Project Leads and other similar job titles including Plaintiff and directs them sign it.

23.     California *Labor Code* § 3353 defines an "independent contractor" as a "person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

24.     Despite CWT having Project Leads and other similar job titles, including Plaintiff, sign a document which represents to them that they are independent contractors, the fact is that Plaintiff and other Project Leads and similar job titles, under the law, are/were employees of Defendant, at times relevant, and not independent contractors.

-5-
**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

25.     Plaintiff, and on information and belief other Project Leads and similar job titles, relied on Defendant's statements and representations that they were independent contractors, and did so to their detriment and with justifiable reliance on Defendant's representations. Plaintiff and other Project Leads and similar job titles, on information and belief, have suffered the damages and injuries alleged and Defendant's misrepresentations arc/were the proximate and direct cause of these injuries and damages.

26.     Plaintiff and members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendant for the relevant time period because Defendant improperly:

    a.   Misclassified Plaintiff and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's wage and hour laws;

    b.   Misclassified Plaintiff and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's overtime wage laws;

    c.   Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

    d.   Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;

    e.   Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods; and,

    f.   Failed to maintain accurate records for Plaintiff and the other members of the plaintiff class pursuant to California *Labor Code* § 226(a).

27.     Defendant exercised sufficient control over their Project Leads and other similar job titles such that Project Leads and other similar job titles are not persons who render services for a specified recompense for a specified result, solely under the control of his principal as to the result of his work only, and solely as to the means by which such result is accomplished.

28.     Project Leads and similar job titles, including Plaintiff's, job duties were directed by CWT.  Project Leads and similar job titles, such as Plaintiff, scheduled and managed a status

-6-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

meeting each week and were responsible for generating weekly revenue and progress reports, creating meeting agendas and managing deliverables from a team of specialists.

29.     All Project Leads and similar job titles, including Plaintiff's, equipment was provided by CWT, including a mobile phone.

30.     CWT required Project Leads and other similar job titles, including Plaintiff, to be on-site during certain hours and they did not have the ability to make their own decisions regarding schedules or other specifics of the job.  Rather, they were under the direction and control of CWT.

31.     Plaintiff, and other Project Leads and similar job titles, were required to work on-site at Facebook, assisting with event services and corporate travel.  Plaintiff, and other Project Leads and similar job titles, were involved in business development on behalf of CWT, contracting, project management and overseeing planning for contracted events and meetings for Facebook.  For example, if Facebook was having 25 engineers at their headquarters, Project Leads or other similar job titles, such as Plaintiff, or the meetings and events team they managed would help with booking flights, hotels, or anything they needed for an event.

32.     Defendant controls the method and means of Project Leads and other similar job titles' work including that of Plaintiff and not merely the result of the work.

33.     Defendant, not Project Leads or other similar job titles, control Project Leads and other similar job titles' recompense, determining the hourly rate of pay, the payment and invoicing dates, whether additional hours sought to be paid will actually be paid, what items are reimbursable, and the fact that Project Leads and other similar job titles, not Defendant, shall pay Defendant's side of employment taxes and other business-related expenses.

34.     Plaintiff's was $52.50 an hour for 40 hours a week.  Plaintiff did not receive overtime when he worked more than eight hours in a day.  Plaintiff's hours varied from 40 to 60 hours a week. The hourly rate for Plaintiff and the members of the Class was set by Defendant.

35.     Defendant dictated the allotted amount of time its Project Leads and other similar job titles have to complete each project.  Plaintiff and the members of the Class had to stay until the project is fully completed.  Defendant had a uniform policy of failing to pay all overtime

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

worked by the employees.

36.     Plaintiff and other Project Leads and similar job titles, at all relevant times worked under and subject to the control of Defendant as set forth in Defendant's numerous policies, practices and procedures.

37.     Plaintiff believes and thereon alleges that Project Leads and other similar job titles were directed to adhere to Defendant's policies and protocols.

38.     Plaintiff and other Project Leads and similar job titles are non-exempt employees as no exemption applies, under the combination of the duties and salary tests, including but not limited to the outside sales, inside sales, administrative, executive and professional exemptions.

39.     Plaintiff alleges that neither he nor the other members of the plaintiff class were able to take timely meal and rest breaks and were not encouraged or told to take them.

40.     Defendant does not maintain the required employment records of its Independent Contractors due to the fact that Defendant misclassifies them.

41.     Plaintiff is informed and, on that basis, believes that all other similarly situated Independent Contractors were under the same circumstances and conditions of employment as him.  Specifically, all other similarly situated employees were not provided with accurate itemized wage statements.  Nor were the similarly situated aggrieved employees paid any overtime when working more than eight (8) hours in a day nor provided with the requisite meal and rest breaks.

42.     Plaintiff is informed and, on that basis, believes that all other similarly situated employees of Defendant was under the same circumstances and conditions as him.  Specifically, all other similarly situated employees were misclassified as Independent Contractors instead of hourly employees with applicable hourly rates and did not receive any overtime pay for overtime hours worked nor were they provided with uninterrupted rest periods and meal breaks.

***Defendant's Failure to Provide Meal Breaks***

43.     Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendant routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relived of all duties by requiring them to remain on duty.

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

44. Throughout the Class Period, Defendant regularly:

    a.    Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b.    Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

    c.    Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

    d.    Failed to accurately record all meal periods.

***Defendant's Failure to Provide Rest Breaks***

45. At all times, relevant hereto, California *Labor Code* § 226.7 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

46. At all times, relevant hereto, California *Labor Code* § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

47. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendant failed to provide rest periods.

48. Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

49. Specifically, throughout the Class Period, Defendant regularly:

    a.    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

of the shift; and

    b.     Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

***Defendant's Failure to Pay Overtime Compensation***

50.    Plaintiff alleges that he and the members of the plaintiff class were not paid for overtime on a routine basis.

51.    California *Labor Code* § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

52.    California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

53.    Throughout the Class Period, Wage Order No. 4-2001, Section (4) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

54.    Defendant misclassified Plaintiff and plaintiff class members as independent contractors and therefore they did not receive overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

herein.

55.     As a matter of policy and/or practice, Defendant routinely suffered or permitted Plaintiff and plaintiff class members to work portions of the day during which they were subject to Defendant's control, and failed to compensate them.  Accordingly, Defendant failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendant's Failure to Pay All Wages Due at Termination of Employment***

56.     At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

57.     Defendant willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

***Defendant's Failure to Provide Accurate Wage Statements***

58.     As a result of the meal and rest break, overtime and seven consecutive work days in a row violation, described above, Plaintiffs, members of the Plaintiff Class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

***Facts Regarding Willfulness***

59.     Plaintiff is informed and believes and based thereon alleges that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

60.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant had a consistent policy or practice of failing to compensate the plaintiff class

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

1    members, including Plaintiff, for all hours worked, including overtime.

2         61.    Plaintiff is informed and believes and based thereon alleges that at all relevant

3    times, Defendant knew or should have known, that the plaintiff class members, including

4    Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift

5    of six (6) or more hours worked, and that any failure to do so requires Defendant to pay Plaintiff

6    and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-

7    duty meal periods.

8         62.    Plaintiff is informed and believes and based thereon alleges that at all relevant

9    times, Defendant knew or should have known, that the plaintiff class members, including

10   Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours

11   or more, and that any failure to allow said breaks requires Defendant to pay the plaintiff class

12   members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

13   ***Plaintiff's Exhaustion of Administrative Remedies***

14        63.    Plaintiff has complied with the procedures for bringing suit specified in California

15   *Labor Code* § 2699.3.

16        64.    By letter dated September 20, 2018, required notice to the Labor and Workforce

17   Development Agency ("LWDA") and Defendant of the specific provisions of the California

18   *Labor Code* alleged to have been violated, including the facts and theories to support the alleged

19   violations.

20        65.    More than sixty (60) days have passed since the date the notice was mailed to

21   Defendant and the LWDA and no response from the LWDA has been received.

22                        **CLASS ACTION ALLEGATIONS**

23        66. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24        67. Plaintiff brings this action on behalf of himself and all others similarly situated as a

25   class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff

26   seeks to represent are composed of, and defined as follows:

27             **Plaintiff Class:**

28             All individuals employed by Defendant that were classified as

-12-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

"Independent Contractors" during the Class Period.

**Terminated Sub Class:**

All members of the Plaintiff Class that were classified as "Independent Contractors" during the Class Period and whose employment ended during the Class Period.

(collectively, "Plaintiff Class" or "Class Members")

68.     The Class Period is the period from September 20, 2014, through and including the date judgment is rendered in this matter.

69.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

70.     Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a.   Whether the members of the Classes should have been classified as employees instead of independent contractors;

    b.   Whether Defendant failed to pay overtime compensation to the members of the Classes by virtue of Defendant's misclassification in violation of the Labor Code and the IWC Wage Orders;

    c.   Whether Defendant failed and continue to fail to provide meal periods to the members of the Classes in violation of the California *Labor Code* and IWC Wage Orders;

    d.   Whether Defendant failed and continue to fail to authorize and permit members of the Classes to take rest periods in violation of the Labor Code and IWC Wage

-13-
**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

Orders;

e.  Whether the members of the Classes are entitled to seek recovery of penalties pursuant to California *Labor Code* § 558 and, if so, for what time period(s);

f.  Whether Defendant failed to keep adequate records for the members of the Classes pursuant to California *Labor Code* § 226(a) (and the consequence for such statutory violations if Defendant did not);

g.  Whether the members of the Classes that are no longer employed by the Defendant is entitled to penalties pursuant to California *Labor Code* § 203;

h.  Whether Defendant unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and members of the Terminated Subclass upon termination of their employment, in violation of California *Labor Code* §§ 201-203;

i.  Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* § 226;

j.  Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

k.  Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq*.

71.  The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

72.  Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

73.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

74.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

-15-
**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

76.     Plaintiff brings Cause of Action 6, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

**FLSA Class**

**All current and former that were classified as "Independent Contractors" by Defendant working in the United States within three (3) years of the filing of this class action and the entry of judgment in this case.**

77.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

78.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendant is required to maintain by law, including but not limited to employee time clock reports and payroll records.

79.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages.  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiffs allege that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendant in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) were not properly paid overtime compensation because Defendant failed to include

-16-
**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

non-discretionary bonus payments into their rate of pay.

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

80.     Other non-exempt current or former employee of Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

81.     This Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## FIRST CAUSE OF ACTION

## MEAL AND REST BREAK VIOLATIONS

**(California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendant)**

82.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

83.     California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

84.     California *Labor Code* § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

85.     California *Labor Code* § 512 further provides that "An employer may not employ

-17-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

86.     Section 9(A) of Wage Order No. 4-2001 provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

87.     Section 9(B) of Wage Order No. 4-2001 provides that "An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived"

88.     Section 9(C) of Wage Order No. 4-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

89.     California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

90.     At all times, relevant hereto, California *Labor Code* § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

91.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

92.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

meal period of not less than thirty (30) minutes.

93.     Throughout the Class Period, Plaintiff and the members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendant or otherwise.

94.     Defendant failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

95.     Defendant failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

96.     Pursuant to Section 9 Wage Order No. 4-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

97.     At all times relevant to this Complaint, each Defendant failed, and has continued to fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

98.     Thus, throughout the Class Period, Defendant regularly:

(a)     Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work; and

(b)     Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

99.     As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

100.    Pursuant to California *Labor Code* §§ 226.7, 512, and Wage Order 4, as a result of Defendant's failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

1    and costs thereon.

2    **SECOND CAUSE OF ACTION**

3    **FAILURE TO PAY OVERTIME WAGES**

4    **(By Plaintiff and Members of the Plaintiff Class Against All Defendant)**

5    101.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

6    102.    California *Labor Code § 510(a)* states: "Any work in excess of eight hours in any
7    workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on
8    the seventh day of work in any one workweek shall be compensated at the rate of no less than one and
9    one-half times the regular rate of pay for an employee." California *Labor Code § 510(a)* further states:
10   "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the
11   regular rate of pay for an employee." California *Labor Code § 510(a)* further states: "[A]ny work in
12   excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less
13   than twice the regular rate of pay of an employee."

14   103.    Defendant has failed and refused to pay to Plaintiff and each member of the Plaintiff
15   Class all overtime wages due to them in compliance with California Labor Code including, but not
16   limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the
17   other members of the Plaintiff Class were not routinely paid overtime when they worked in excess of
18   eight (8) hours in a given day.

19   104.    As a direct and proximate result of the acts and/or omissions of each Defendant,
20   Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts
21   to be determined at trial.

22   105.    The applicable overtime requirements fixed by the commission for Plaintiff and the
23   Plaintiff Class, are found in Wage Order 4-2001.

24   106.    Pursuant to California *Labor Code §§ 1194* and *1194.2* as a result of Defendant's
25   failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and
26   members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount
27   equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

28   ///

-20-
**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT TIME OF**

**TERMINATION (California *Labor Code* §§ 201-203)**

**(By Plaintiff and Members of the**

**Terminated Sub Class Against All Defendant)**

107.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

108.    At all times, relevant herein, Defendant was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

109.    As a pattern and practice, Defendant regularly failed to pay Plaintiff and members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

110.    The conduct of Defendant and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

111.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Terminated Sub Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Violation of California *Labor Code* § 226(a))**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendant)**

112.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

113.    California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

-21-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

114.    Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

115.    Plaintiff and members of the Plaintiff Class request recovery of California *Labor Code* § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## **FIFTH CAUSE OF ACTION**

## **UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND PROFESSIONS CODE* § 17200, etc.**

**(By Plaintiff, the Plaintiff Class, and the General Public, Against All Defendant)**

116.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

117.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

118.    Plaintiff brings this cause of action in a representative capacity on behalf of the

CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT

general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendant's actions.

119.   The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions Code* § 17200, *et seq.*

120.   Defendant's conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendant's actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

121.   Because of such conduct, Defendant has unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

122.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendant's records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant's unlawful and unfair conduct.

123.   During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

124.   Defendant's course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code*.

125.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant's policies and practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

126. Defendant's conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

127. Defendant's course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

128. The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendant on behalf of Plaintiff and Proposed Members of the FLSA Class)

129. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

130. The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. (29 C.F.R. §778.223 and 29 C.F.R. §778.315.) This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

131. Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendant and misclassified as Independent Contractors during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked. To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendant, the collective statute of limitations should be adjusted accordingly.

132. This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is

-24-

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

based upon the failure of the named Defendant to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendant.

133.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.      Whether Defendant's policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b.      Whether Defendant failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendant as required by the FLSA;

c.      Whether Defendant's policies and practices were to write down the time worked by Plaintiff and collective employees;

d.      Whether Defendant failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.      Whether Defendant should be should be enjoined from continuing the practices which violate the FLSA; and

f.      Whether Defendant is liable to the collective employees.

134.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

135.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

136.    Defendant is engaged in communication, business, and transmission throughout

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

137.   29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendant which violated the FLSA was willful.

138.   Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

139.   Plaintiff and collective employees were all paid to Defendant on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.  Defendant also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

140.   For the purposes of the Fair Labor Standards Act, the employment practices of Defendant was and is uniform throughout the United States in all respects material to the claims asserted in this Complaint.

141.   Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

142.   As a result of Defendant's failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

143.   Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

144.    As a result of the willful actions of the named Defendant in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Plaintiff Class have suffered damages.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)

**(Against Defendant on behalf of Plaintiff and the Members of the Plaintiff Class)**

145.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

146.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California *Labor Code* §2699.5.

147.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

148.    Defendant's conduct, as alleged herein, violates numerous sections of the California Labor Code including, but not limited to, the following:

149.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

150.    California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

        a.    Misclassified Plaintiff and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's wage and hour laws;

        b.    Misclassified Plaintiff and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's overtime wage laws;

        c.    Failed to pay Plaintiff and the other members of the plaintiff class overtime

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

pay for all overtime hours worked;

d.   Deprived Plaintiff and the other members of the plaintiff class of statutorily required meal periods;

e.   Failed to authorize and permit Plaintiff and the other members of the plaintiff class to take the requisite rest periods; and,

f.   Failed to maintain accurate records for Plaintiff and the other members of the plaintiff class pursuant to California *Labor Code* §226(a).

151.   "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

152.   California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

153.   California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California *Labor Code* §  204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

154.     California *Labor Code* § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." *Labor Code* § 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

155.     Defendant, at all times relevant to this complaint, was employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

156.     As set forth above, Defendant has violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC. Accordingly, Plaintiff seeks the remedies set forth in California *Labor Code* § 558 for himself, the State of California, and all other aggrieved employees.

157.     Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendant, in addition to other remedies, for violations of California *Labor Code* §§ 201, 202, 203, 226, 510, 1174, 1194, 1198.

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

158.   California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

159.   California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

160.   During the relevant time period, Defendant failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.  During the relevant time period, Defendant failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

161.   Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated September 20, 2018, Plaintiff, on behalf of himself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3 and SB 836, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

162.   More than 60 days has passed since the September 20, 2018 Notice to the LWDA and no response has been received.

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class, prays for judgment against Defendant as follows:

1.      For an order certifying the proposed class;

2.      For nominal damages;

3.      For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the unlawful business practices of Defendant, and accounting;

4.      For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by Labor Code §§ 200, 201, 202, 203, 226(a), 226.3, 226.7, 510, 512, 512(a), 558, 1174, 1194.2, 1194.5, 1198, 2698-2699;

5.      For interest as permitted by statute, including California *Labor Code* § 218.6;

6.      For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226 and 1194;

7.      For attorney's fees as permitted by statute, including California *Labor Code* §§ 226 and 1194; and

8.      For all such other and further relief that the Court may deem just and proper.


DATED:  April 18, 2019                    **BRADLEY/ GROMBACHER, LLP**


                                         By: /s/*Kiley L. Grombacher*
                                            Marcus J. Bradley, Esq.
                                            Kiley L. Grombacher, Esq.
                                            Taylor L. Emerson, Esq.
                                            Attorneys for Plaintiff

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**

1

## <u>JURY DEMAND</u>

2

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

3

4    DATED:  April 18, 2019                    **BRADLEY/GROMBACHER, LLP**

5

6                                              By: <u>/s/*Kiley L. Grombacher*</u>
                                                   Marcus J. Bradley, Esq.
7                                                  Kiley L. Grombacher, Esq.
                                                   Taylor L. Emerson, Esq.
8                                                  Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS AND COLLECTIVE ACTION FIRST AMENDED COMPLAINT**