**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, MATTHEW GUNDERSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GUNDERSON, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARLSON WAGONLIT TRAVEL, INC., a Delaware corporation; FACEBOOK, INC., a Delaware corporation,<br><br>Defendants. | **CASE NO. 4:18-cv-05803-YGR**<br><br>**[PROPOSED]** **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Having considered the motion for final approval of class action settlement and the motion for attorneys' fees and expenses, the arguments of counsel at the October 15, 2019 hearing, the declarations, and the record in this case, THE COURT HEREBY ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement") (a copy of which is attached hereto as Exhibit "A"). All terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

-1-

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiffs and Class Members.

3. Pursuant to the Preliminary Approval Order, the appointed Settlement Administrator, ILYM Group, Inc. mailed a Notice of Settlement to all known Class Members by First Class U.S. Mail. The Notice of Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Notice of Settlement further informed Class Members of the pendency of the Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of Class Members' rights and obligations relating to the prospective relief provided through the Settlement, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Class Members had adequate time to consider this information and to use the procedures identified in the Notice. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

4. In response to the Notice, zero (0) Class Members objected to the Settlement and two (2) Class Members, Jaymey Butler and Sonia Vaswami requested exclusion from the Settlement.

5. For purposes of this Order and for this Settlement only, the Court hereby certifies the Class, as defined in the Settlement Agreement which is attached hereto as Exhibit "A". This Court hereby approves the Settlement set forth in the Settlement Agreement, including payment of the Gross Settlement Amount ($150,000.00), which includes the amounts listed herein under Paragraphs 5-8 herein, and all other terms set forth therein, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate to the Parties and Class Members and directs the Parties to effectuate the settlement according to its terms. The amounts listed below in Paragraphs 5-8 are included within, and not additional to, the Gross Settlement Amount approved by this Court.

6. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Plaintiff Matthew Gunderson as the class representative for the Class. Further, the Court finally approves the Service Award, as fair and reasonable, to Plaintiff Matthew Gunderson in the amount of $2,500. The Court hereby orders the Settlement Administrator to distribute the Service Award to the Plaintiff in accordance with the provisions of the Settlement.

7. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of Marcus J. Bradley of Bradley/Grombacher, LLP as Class Counsel. Class Counsel is awarded $37,500.00 for their reasonable attorneys' fees. Class Counsel is awarded reasonable costs and expenses incurred in the Lawsuit in the amount of $10,000.00.

8. For purposes of this Order and this Settlement only, the Court hereby confirms the appointment of ILYM Group, Inc. as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further finally approves Settlement Administration Costs, as fair and reasonable, of $3,500.00.

9. The California Labor Workforce and Development Agency is awarded the amount of $6,000.00.

-3-
[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Matthew Gunderson v. Carlson Wagonlit Travel, Inc.; Case No. 4-18-cv-05803*

10. Except as otherwise provided in this Order Granting Final Approval of the Motion for Class Action Settlement and for Award of Enhancement to Class Representative and for Attorneys' Fees and Costs ("Final Approval Order"), the parties shall bear their own costs and attorneys' fees.

11. The Court finds that the Settlement offers significant monetary recovery to all Monetary Payment Class Members and finds that such recovery is fair, adequate and reasonable when balanced against further litigation related to liability and damages issues. The Court further finds that investigation, discovery, and research have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.

12. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Class Members in accordance with the provisions of the Settlement.

13. As of the Effective Date, the Class Released Claims are and shall be deemed to be conclusively released as against the Released Parties. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

14. After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Defendant shall file a report with this Court certifying compliance with the terms of the Settlement.

15. Neither this Order, the Settlement Agreement, nor any document referred to herein,

nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties.

16. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendant consistent with the terms of the Settlement, then this Order and all orders entered in connection herewith, including any order certifying the Class, appointing class representatives or Class Counsel, shall be rendered null and void and shall be vacated.

17. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

18. Within 21 days after the distribution of the settlement funds and payment of attorney's the parties will file a Post-Distribution Accounting in accordance with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

IT IS SO ORDERED.

DATED: October 28, 2019

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge

-5-
[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
*Matthew Gunderson v. Carlson Wagonlit Travel, Inc.; Case No. 4-18-cv-05803*